City of HAMILTON, Appellee,

v.

REASCH, Appellant.

[Cite as *Hamilton v. Reasch* (1994), 98 Ohio App.3d 814.]

Court of Appeals of Ohio,
Butler County.

No. CA93–01–012.

Decided Nov. 28, 1994.

*Gary L. Sheets,* Hamilton Law Director, and *Samuel D. Borst,* Assistant Law Director, for appellee.

*Garretson, Braun & Cunningham* and *Sharon L. Kennedy,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Emma Grubb Reasch, appeals her conviction in the Hamilton Municipal Court for operating a motor vehicle without a valid driver's license in violation of Hamilton City Ordinance Section 335.01(A). Appellant claims the court erred in denying her motion to suppress certain evidence and dismiss the case.

Reasch was cited for driving without a license on January 29, 1992. In her motion to suppress the evidence, Reasch alleged that the citing officer, Carl Phillips of the Hamilton Police Department, had no reasonable and articulable suspicion to justify his decision to detain her. Officer Phillips did not testify at the hearing. Instead, the parties stipulated that the officer's statement of facts, written on the back of the traffic citation issued to Reasch, were the facts of the case. The statement of facts reads as follows:

"While this officer was operating radar at the intersection of Cereal and Cleveland Ave., a neighbor ran out, pointing to Mrs. Reasch, who was driving away from curb on Cereal Ave., stating, she has no driver's license. This officer followed Mrs. Reasch north in Ridgelawn alley to Haldimand Ave., left on Haldimand Ave. to Cleveland Ave., south of Cleveland Ave., to Cereal Ave., left on Cereal Ave., from where she started from. When Mrs. Reasch was asked for her driver's license, her reply was, 'What for? I didn't do anything wrong.' She was placed in police unit and a computer check was made. It was found that her driver's license was expired and she had no driving privileges in the State of Ohio."

■ This court must determine whether the limited evidence presented in this case can support a finding that Reasch was lawfully stopped and detained for driving without a license. Stopping an automobile and detaining its occupants is a "seizure" within the meaning of the Fourth and Fourteenth Amendments, even though the purpose of the stop is limited and the resulting detention is brief. *Delaware v. Prouse* (1979), 440 U.S. 648, 653–654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660, 667. Accordingly, an officer may not stop a vehicle and detain the driver without a reasonable and articulable suspicion that the motorist is unlicensed, or that the motorist or vehicle is otherwise subject to seizure. *Id.* at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673–674.

■ In cases involving anonymous informants, it is critical that some showing be made that the informant is a credible person or that the information is reliable. In determining whether an informant's tip establishes probable cause, an informant's "reliability," "veracity," and "basis of knowledge" are highly relevant. *Illinois v. Gates* (1983), 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76

L.Ed.2d 527, 543–544. These factors are also relevant in the reasonable suspicion context, although allowance must be made in applying them for the lesser showing required to meet the reasonable suspicion standard. *Alabama v. White* (1990), 496 U.S. 325, 328–329, 110 S.Ct. 2412, 2415, 110 L.Ed.2d 301, 307. An anonymous tip, standing alone, will generally not " ' "warrant a man of reasonable caution in the belief" that [a stop] was appropriate.' " *Id.* at 329, 110 S.Ct. at 2416, 110 L.Ed.2d at 308, quoting *Terry v. Ohio* (1968), 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906, which was quoting *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

█ Had Officer Phillips testified at the suppression hearing, he may have been able to demonstrate that the "neighbor" was reliable and knowledgeable. As it stands however, there is no indication in the record that the officer knew the neighbor or considered him or her reliable. More important, there is no indication of the basis for the neighbor's allegation that Reasch was driving without a license. The state also introduced no evidence that Officer Phillips attempted to corroborate the tip through independent police work.

Simply put, the state did not meet its burden of producing evidence to support a reasonable suspicion that Reasch was driving without a license. Reasch's assignment of error is sustained. Reasch's conviction for driving without a license is reversed, and she is discharged pursuant to App.R. 12(B).

*Judgment reversed.*

WALSH, P.J., and KOEHLER, J., concur.